United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASEY ANGEL,
Plaintiff,
v.
SOUTHWEST AIRLINES CO., et al.,
Defendants.

Case No. 26-cv-02658-NC

**ORDER GRANTING BOTH DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**

Re: ECF 27, 28

Plaintiff Casey Angel brought this civil suit against Defendants Southwest Airlines Co. and Transport Workers Union of America, AFL-CIO (TWU Local 555). Plaintiff's case arises out of Southwest's termination of Plaintiff's employment following an investigation into alleged misuse of nonrevenue travel privileges and TWU Local 555's subsequent representation of Plaintiff. Both defendants independently moved to dismiss Plaintiff's First Amended Complaint (FAC) as against each defendant. As further explained below, the Court GRANTS both Southwest's and TWU Local 555's Motions to Dismiss as to both defendants with leave to amend because the FAC's claims are barred by the statute of limitations.

## I. BACKGROUND

### A. Factual Allegations

Plaintiff's FAC alleges the following:

United States District Court
Northern District of California

Plaintiff was an employee for Southwest and was covered by the Collective Bargaining Agreement (CBA) between Southwest and TWU Local 555. ECF 25 (FAC) ¶ 10. On August 19, 2025, Southwest terminated Plaintiff's employment following allegations that Plaintiff improperly used travel privileges. FAC ¶ 17. On or about August 20, 2025, Plaintiff filed a grievance challenging the termination. FAC ¶ 22. TWU Local 555 assumed responsibility for representing Plaintiff in the grievance process. FAC ¶ 23.

Plaintiff requested that TWU Local 555 pursue arbitration and challenge the factual basis for the termination. FAC ¶ 24. Plaintiff requested evidence, documentation, and information supporting Southwest's allegations. FAC ¶ 25. TWU Local 555 did not provide Plaintiff with evidence establishing the alleged misconduct and did not conduct an independent investigation of the allegations, accepting Southwest's characterization of the events. FAC ¶ 27. TWU Local 555 did not identify witnesses who directly observed Plaintiff engage in misconduct. FAC ¶ 28.

On September 26, 2025, TWU Local 555 withdrew Plaintiff's grievance. FAC ¶ 29. It also refused Plaintiff's request to pursue arbitration and informed Plaintiff that arbitrators generally do not overturn travel-privilege terminations. FAC ¶ 30–31. It further informed Plaintiff that Southwest believed Plaintiff's actions interfered with airline profits and adopted Southwest's business rationale without independently determining whether Plaintiff had violated Southwest's policy or whether just cause existed under the CBA. FAC ¶ 32–33.

After Plaintiff's grievance was withdrawn, Plaintiff requested, and TWU Local 555 failed to provide, grievance materials and communications related to the withdrawal decision. FAC ¶ 34–35. TWU Local 555 never reconsidered its withdrawal decision despite Plaintiff's continued requests for representation. FAC ¶ 38.

### B. Procedural History

On March 26, 2026, Plaintiff filed her initial complaint against Southwest and TWU Local 555. ECF 1. After both Defendants filed separate motion to dismiss Plaintiff's initial complaint, Plaintiff filed a First Amended Complaint (FAC). ECF 16; ECF 18;

FAC. Plaintiff's FAC brought two claims: (1) a breach of collective bargaining agreement against Southwest, and (2) a breach of duty of fair representation against TWU Local 555. FAC 4–5.

TWU Local 555 filed a motion to dismiss Plaintiff's FAC as against TWU Local 555 under Federal Rule of Civil Procedure 12(b)(6). ECF 27. Plaintiff opposed. ECF 33. TWU Local 55 replied. ECF 36.

Southwest separately filed its own motion to dismiss Plaintiff's FAC as against Southwest under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 28. Plaintiff opposed. ECF 32. Southwest replied. ECF 37.

All parties have consented to magistrate judge consent. ECF 8; ECF 14; ECF 23.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

United States District Court
Northern District of California

## III. DISCUSSION

The Court addresses both Southwest's and TWU Local 555's respective motions to dismiss in this Order.

As an initial matter, Plaintiff contends that her FAC is a hybrid action under the Railway Labor Act (RLA). ECF 32 at 4. Southwest does not dispute this proposition. ECF 37 at 1. The RLA creates a "comprehensive framework for resolving labor disputes" in the rail and airline industries. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 916 (9th Cir. 2018) (citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)). Typically, if the dispute is a CBA dispute, such as a breach of a CBA, they must be addressed through the CBA's established grievance mechanism. *Id.* However, a plaintiff can bring a suit in federal court if they bring a hybrid claim by bringing two causes of action (1) one against the employer for "breach of the collective bargaining agreement," and one against the union for "breach of the union's duty of fair representation." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

Court agrees that this is a hybrid suit under the RLA. Plaintiff brings a claim for breach of duty of fair representation against her union, TWU Local 555, and a claim for a breach of collective bargaining agreement against her employer, Southwest. FAC at 4–5. As a hybrid action, under federal law, it must be filed within six months of the alleged violation. *Kelly v. Burlington N. R. Co.*, 896 F.2d 1194, 1197 (9th Cir. 1990) (finding that hybrid RLA actions should be subject to a six-month limitations period). The six-month period begins to run when the employee "knows or should know of the alleged breach of duty of fair representation by a union." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).

Here, Plaintiff filed her action on March 26, 2026[1], meaning that under the statute of limitations, Plaintiff needs to show that the six-month period did not start running until September 26, 2025, or later. ECF 1. Southwest alleges Plaintiff's action is untimely

[1] The Court notes that Southwest repeatedly states that Plaintiff filed her action on May 26, 2026. ECF 37 at 2, 8. This is incorrect. ECF 1.

because Plaintiff alleges that Southwest terminated her employment on August 19, 2025, TWU Local 555 filed a grievance on August 20, 2025, TWU Local 555 did not conduct an independent investigation, and failed to identify direct evidence of misconduct. ECF 28 at 9–10. Southwest also points out, and the Court agrees, that Plaintiff did not address Southwest's statute of limitations argument in her opposition, or any other briefing, beyond acknowledging it is an issue. ECF 37 at 7–8; ECF 32 at 5. Courts have found that a failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver of that issue. *See, e.g., Redick v. Lowe's Home Centers, LLC*, No. 21-cv-0979-SAB, 2021 WL 3207250, at *4 (E.D. Cal. July 29, 2021); *Scott v. City of Phoenix*, No. 09-cv-0875-PHX-JAT, 2011 WL 3159166, at *10 (D. Ariz. July 26, 2011). In addition, it appears that several facts giving rise to TWU Local 555's liability, such as TWU Local 555's failure to provide Plaintiff with evidence and failure to conduct an independent investigation of the allegations, occurred before its withdrawal on September 26, 2025. FAC ¶¶ 26, 27.

Given Plaintiff's lack of opposition and the timing of several TWU Local 555's actions, the Court finds that Plaintiff's claims are barred by the statute of limitations. The Court therefore declines to rule on the remaining arguments in Southwest's Motion to Dismiss and TWU Local 555's Motion to Dismiss.

## IV. CONCLUSION

The Court GRANTS both Southwest's and TWU Local 555's Motions to Dismiss as to all claims and all defendants. The Court does so with leave to amend because it finds that amendment would not be futile. Plaintiff must file a second amended complaint or notify the Court that she does not wish to amend by October 12, 2026. Plaintiff may not add any new parties or claims without further leave of Court.

**IT IS SO ORDERED.**

Dated: September 11, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge